# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| CORRECT CRAFT IP HOLDINGS, LLC; FINELINE INDUSTRIES, LLC; ARKANSAS BOATS, LLC; PARKER OFFSHORE, LLC; and SEAARK, LLC; all Florida limited liability companies, <br><br> Plaintiffs, <br><br> vs. <br><br> JOHN DOE d/b/a TEE HAG, <br><br> Defendant(s). | Case No.: <br><br> INJUNCTIVE RELIEF REQUESTED <br><br> JURY TRIAL REQUESTED |

## PLAINTIFFS' COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES; DEMAND FOR JURY TRIAL

Plaintiffs Correct Craft IP Holdings, LLC ("Correct Craft"), Fineline Industries, LLC ("Fineline"); Arkansas Boats, LLC ("Arkansas Boats"), Parker Offshore, LLC ("Parker"), and SeaArk, LLC ("SeaArk") file this Complaint against Defendant John Doe d/b/a Tee Hag ("Defendant"), and alleges as follows:

### THE PARTIES

1. Plaintiffs Correct Craft, Fineline, Arkansas Boats, Parker, and SeaArk (collectively, "Plaintiffs") are all Florida limited liability

1

companies with an address at 14700 Aerospace Parkway, Orlando, Florida 32832.

2. Upon information and belief, Defendant conducts business in the State of Florida and specifically in the Middle District of Florida.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because of claims arising under the Lanham Act (15 U.S.C. §§1051 *et seq*.), and pendant jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367.

4. This Court has *in personam* jurisdiction as to Defendant because, upon information and belief, it is subject to both general and specific jurisdiction in this State. More particularly, upon information and belief, Defendant regularly conducts business activity in the State of Florida and sells and offers goods and services in this judicial district. Infringing goods have been ordered and received in this judicial district.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391(b)-(d) because, among other things, Defendant is subject to personal jurisdiction in this judicial district and has a regular and established place of business in Florida. Moreover, a substantial part of the events or omissions giving rise to the claims occurred in this judicial

district, as the injury to the Plaintiffs is suffered in this district.

## STATEMENT OF FACTS

6. Plaintiffs are related entities and are all premier providers of boats and similar products and services, including clothing, under various marks.

7. For over twenty years, Correct Craft has been developing valuable goodwill in connection with a number of marks as used on boats and clothing, including but not limited to the marks NAUTIQUE, SKI NAUTIQUE, SUPER AIR NAUTIQUE, and CORRECT CRAFT. Since at least as early as 2013, Correct Craft has been using the marks ![mark] and ![mark] on and in connection with boats and clothing.

8. In connection with these uses, Correct Craft is the owner of the following federal registrations (copies enclosed hereto as Exhibit A):

| Trademark and Registration No. | Goods |
|---|---|
| NAUTIQUE<br>Reg. No.: 3762961 | Int'l Class: 25<br>Clothing, namely, shirts, sweatshirts, hats |
| SKI NAUTIQUE<br>Reg. No.: 1478791 | Int'l Class: 25<br>shirts, caps, hats, visors, sweat shirts, and jackets |

3

| Trademark and Registration No. | Goods |
|---|---|
| RN: 2563049<br>SN: 76045319 | Int'l Class: 12<br>boats, namely, ski boats, wakeboard boats, and runabouts<br>Int'l Class: 18<br>bags, namely, backpacks and duffel bags<br>Int'l Class: 25<br>clothing, namely, sweatshirts, t-shirts, polo shirts, shirts, jackets, shorts and hats |
| CORRECT CRAFT<br>Reg. No.: 1484389 | Int'l Class: 25<br>clothing, namely shirts and caps |
| SKI NAUTIQUE<br>Reg. No.: 0947148 | Int'l Class: 12<br>boats |
| SUPER AIR NAUTIQUE<br>Reg. No.: 4156612 | Int'l Class: 12<br>Boats |
| CORRECT CRAFT<br>Reg. No.: 0506406 | Int'l Class: 12<br>marine runabouts and cruisers |
| CORRECT CRAFT<br>Reg. No.: 2569195 | Int'l Class: 12<br>boats, namely, ski boats, wakeboard boats, and runabouts |

9. Fineline has used marks consisting of or containing the word SUPREME and CENTURION on boats for over thirty years, and on

4

clothing for over ten years. Fineline has further used the mark ![mark] on boats and clothing since it was first developed in 2018, after it replaced the prior version of the mark ![old mark] that it used for over thirty years.

10. In connection with these uses, Fineline is the owner of the following federal registrations (copies enclosed hereto as Exhibit B):

| Trademark and Registration or Application No. | Goods |
|---|---|
| SUPREME<br>Reg. No.: 5546022 | Int'l Class: 12<br>Boats |
| SUPREME ZS 232<br>Reg. No.: 6147911 | Int'l Class: 12<br>Boats |
| SUPREME ZS 212<br>Reg. No.: 6147912 | Int'l Class: 12<br>Boats |
| CENTURION<br>Reg. No.: 3452676 | Int'l Class: 12<br>Watersports motorboats shorter than 30 feet in length |
| Design Only | Int'l Class: 12<br>Boats<br><br>Int'l Class: 25<br>Beanies; Hats; Headwear; Pullovers; Shirts; Hooded |

| | |
|---|---|
| Application Serial No.: 90617848 | sweatshirts; Infant and toddler one piece clothing; Jackets; Long-sleeved shirts; Polo shirts; Tank tops; Tops as clothing; T-shirts |

11. For over thirty years, Arkansas Boats has used marks consisting of or containing the mark BASS CAT on boats and clothing, amongst other goods and services. Arkansas Boats has also used the mark ![BassCat logo] in commerce prior to when Defendant started its business and used any trademarks.

12. In connection with these uses, Arkansas Boats is the owner of the following federal registrations (copies enclosed hereto as Exhibit C):

| **Trademark and Registration No.** | **Goods** |
|---|---|
| BASS CAT<br>Reg. No.: 5824139 | Int'l Class: 09<br>Life jacket<br>Int'l Class: 16<br>Decals<br>Int'l Class: 25<br>Hats, long sleeve shirts, shirts, jackets, boxer briefs |
| BASS CAT<br>Reg. No.: 6004924 | Int'l Class: 06<br>Metal license plate; metal hardware, namely, carabiners of metal<br>Int'l Class: 11<br>Parts of boats, namely, running lights |

6

| | |
|---|---|
| BASS CAT<br>Reg. No.: 4971982 | Int'l Class: 12<br>Boats |

13. Parker has used marks consisting of or containing the word PARKER on boats for over fifty years, including the mark  as used on boats for over thirty years. On clothing, the PARKER and  marks were in use in commerce prior to when Defendant started its business and used any trademarks.

14. In connection with these uses, Parker is the owner of the following federal registrations (copies enclosed hereto as Exhibit D):

| Trademark and Registration No. | Goods |
|---|---|
| PARKER<br>Reg. No.: 5739432 | Int'l Class: 12<br>Boats |
| *Parker* (logo)<br>Reg. No.: 1969230 | Int'l Class: 12<br>power boats |

15. SeaArk has been using the mark SEAARK on boats for over thirty years, including the mark  for over ten years. On clothing, the marks SEAARK and SEAARK BOATS have been used for over ten years.

16. In connection with these uses, SeaArk is the owner of the following federal registrations (copies enclosed hereto as Exhibit E):

| Trademark and Registration No. | Goods |
|---|---|
| SeaArk BOATS<br>Reg. No. 5162933 | Int'l Class: 06, 12, 16, 21, 24, 25<br>(Int'l Class: 06)<br>Metal license plates<br>(Int'l Class: 12)<br>Boats<br>(Int'l Class: 16)<br>Decals<br>(Int'l Class: 21)<br>Cups<br>(Int'l Class: 24)<br>Hand towels<br>(Int'l Class: 25)<br>Hats; Jackets; Shirts |
| SEAARK<br>Reg. No. 1631505 | Int'l Class: 12<br>(Int'l Class: 12)<br>work boats |

8

17. The consuming public has come to recognize Plaintiffs as the source or origin of the goods bearing their respective marks as detailed above (collectively referred to herein as "Plaintiffs' Marks" and the federal registrations as "Plaintiffs' Registrations"), which represent the valuable goodwill of Plaintiffs' businesses.

18. Sometime after Plaintiffs began adopting their respective Marks, Defendant began using them on clothing sold at its online retail store located at <https://teehag.com/>. Screenshots of some of Defendant's infringing products are enclosed hereto as Exhibit F.

19. By adopting and using Plaintiffs' Marks, Defendant is infringing Plaintiffs' respective trademark rights by creating a likelihood of confusion as to whether its products are somehow affiliated with or sponsored by Plaintiffs, and are unfairly competing with Plaintiffs, all to the detriment of Plaintiffs.

20. Upon discovering that Defendant was engaged in this deceptive, damaging, and harmful behavior, Plaintiffs notified Defendant of their rights in their marks as well as their federal registrations. However, despite Plaintiffs' priority of use and the likelihood of confusion, Defendant has chosen to continue use of Plaintiffs' Marks.

21. Upon information and belief, Defendant has taken steps to hide its identity and is an intentional infringer. Defendant uses a privacy agent to shield the identity of the owner of <https://teehag.com/>. Defendant has not responded to any of Plaintiffs' attempts to contact it, and Plaintiffs' letter to Defendant at the address listed on its website was returned as undeliverable. Moreover, as shown in the enclosed Exhibit G, Defendant sells a number of third-party brands that it is highly unlikely to have the rights to, such as GUARDIANS OF THE GALAXY, FORD, and COCA COLA.

## COUNT I
## Infringement of Registered Trademark under 15 U.S.C. §1114

22. This Count is an action by Plaintiffs against Defendant for infringement of Plaintiffs' Registrations.

23. Plaintiffs herein restate and reincorporate into this Court the allegations of Paragraphs 1 through 21 above.

24. Plaintiffs filed for and obtained Plaintiffs' Registrations well-prior to Defendant's use of same. Moreover, by virtue of its long-term use and promotion, Plaintiffs established valuable goodwill in Plaintiffs' marks well-prior to Defendant's use of Plaintiffs' Marks.

25. Defendant is using in commerce identical or confusingly

similar marks to those owned by Plaintiffs in the sale of identical or related goods to those offered by Plaintiffs.

26. Defendant's adoption and use of Plaintiffs' Marks is likely to deceive, confuse, and mislead purchasers and prospective purchasers into believing that Defendant's products emanate from, are authorized by, and/or are in some manner affiliated with or endorsed by Plaintiffs.

27. Plaintiffs have suffered injury by reason of Defendant's infringing activities, and Plaintiffs are likely to suffer irreparable harm unless Defendant's infringing activities are permanently enjoined.

28. Upon information and belief, Defendant's conduct as outlined herein was in willful disregard for Plaintiffs' rights so as to justify an award of exemplary damages and attorneys' fees under 15 U.S.C. §1117.

29. Defendant's activities in adopting and/or continuing to use Plaintiffs' Marks, especially after notification by Plaintiffs, is malicious, fraudulent, deliberate, and willful.

30. Plaintiffs have been damaged by Defendant's infringing uses as described above.

31. Unless enjoined by the Court, Defendant's infringing activities will continue to cause harm to Plaintiffs.

## COUNT II
## Common Law Trademark Infringement

32. This Count is an action by Plaintiffs against Defendant for monetary damages and injunctive relief for Defendant's aforesaid acts of common law trademark infringement.

33. Plaintiffs herein restate and reincorporate into this Court the allegations of Paragraphs 1 through 21 above.

34. By virtue of its long-term use and promotion, Plaintiffs established valuable goodwill and, where necessary, secondary meaning in Plaintiffs' Marks well-prior to Defendant's use of same.

35. Defendant is using in commerce identical or confusingly similar marks to those owned by Plaintiffs in the sale of identical or related goods to those offered by Plaintiffs.

36. Defendant's adoption and use of Plaintiffs' Marks is likely to deceive, confuse, and mislead purchasers and prospective purchasers into believing that Defendant's products emanate from, are authorized by, and/or are in some manner affiliated with or endorsed by Plaintiffs.

37. Plaintiffs have suffered injury by reason of Defendant's infringing activities, and Plaintiffs are likely to suffer irreparable harm unless Defendant's infringing activities are permanently enjoined.

38. Upon information and belief, Defendant's conduct as outlined herein was in willful disregard for Plaintiffs' rights so as to justify an award of punitive damages.

39. Defendant's activities in adopting and/or continuing to use Plaintiffs' Marks, especially after notification by Plaintiffs, is malicious, fraudulent, deliberate, and willful.

40. Plaintiffs have been damaged by Defendant's infringing uses as described above.

41. Unless enjoined by the Court, Defendant's infringing activities will continue to cause harm to Plaintiffs.

## COUNT III
## Unfair Competition under 15 U.S.C. §1125(a)

42. This Count is an action by Plaintiffs against Defendant for monetary damages and injunctive relief for Defendant's aforesaid acts of trademark infringement and unfair competition in violation of 15 U.S.C. § 1125(a).

43. Plaintiffs herein restate and reincorporate into this Count the allegations of Paragraphs 1 through 21 above.

44. Defendant's aforesaid activities constitute unfair competition and trademark infringement in violation of 15 U.S.C. §1125(a).

45. Defendant has engaged in deceptive conduct and continues to do so by seeking to interfere with relationships between Plaintiffs and their customers, suppliers and contractors.

46. Defendant's actions are contrary to honest practice in industrial or commercial matters.

47. Defendant's acts of unfair competition constitute knowing and intentional trading on and misappropriation of Plaintiffs' product, goodwill, and business reputation for Defendant's enrichment.

48. Plaintiffs have suffered monetary damages as a result of Defendant's actions and is entitled to a disgorgement of Defendant's profits.

49. Plaintiffs have no adequate remedy at law, as these acts of unfair competition have caused, and unless enjoined, will continue to cause Plaintiffs irreparable harm that cannot be fully compensated by monetary damages.

50. The reputational damage suffered by Plaintiffs is not easily or fully compensated by monetary damages. Plaintiffs are entitled to injunctive relief against Defendant's unfair activities.

51. Plaintiffs are entitled to injunctive relief against Defendant, as well as all other monetary remedies available, including but not limited

to compensatory damages, enhanced damages, disgorgement of profits, costs and attorneys' fees.

## COUNT IV
## Unfair Competition under Florida Common Law

52. This Count is an action by Plaintiffs against Defendant for monetary damages and injunctive relief for Defendant's aforesaid acts of unfair competition in violation of Florida common law.

53. Plaintiffs herein restate and reincorporate into this Count the allegations of Paragraphs 1 through 21 above.

54. Defendant's aforesaid activities constitute unfair competition in violation of Florida common law.

55. Defendant has engaged in deceptive conduct and continues to do so by seeking to interfere with relationships between Plaintiffs and their customers, suppliers and contractors.

56. Defendant's actions are contrary to honest practice in industrial or commercial matters.

57. Defendant's acts of unfair competition constitute knowing and intentional trading on and misappropriation of Plaintiffs' product, goodwill, and business reputation for Defendant's enrichment.

58. Plaintiffs have suffered monetary damages as a result of

Defendant's actions and is entitled to a disgorgement of Defendant's profits.

59. Plaintiffs have no adequate remedy at law, as these acts of unfair competition have caused, and unless enjoined, will continue to cause Plaintiffs irreparable harm that cannot be fully compensated by monetary damages.

60. The reputational damage suffered by Plaintiffs is not easily or fully compensated by monetary damages. Plaintiffs are entitled to injunctive relief against Defendant's unfair activities.

61. Plaintiffs are entitled to injunctive relief against Defendant, as well as all other monetary remedies available, including but not limited to compensatory damages, enhanced damages, disgorgement of profits, costs and attorneys' fees.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs pray that this Court enter such preliminary and final orders and judgments as are necessary to provide Plaintiffs with the following requested relief:

A. That Defendant, and all of its respective agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, and/or under

authority from Defendant, or in concert or participation with Defendant, be enjoined preliminarily and permanently by this Court, from:

1. using any trademark, service mark, name, logo, domain name, social media name, design and/or source designation of any kind in connection with Defendant's goods or services that is a copy, reproduction, colorable imitation, or simulation of, or is confusingly similar in any way, to Plaintiffs' Marks;

2. using any trademark, service mark, name, logo, domain name, social media name, design and/or source designation of any kind in connection with Defendant's goods or services that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are sponsored or authorized by Plaintiffs; and

3. passing off, palming off, or assisting in the passing off or palming off of Defendant's goods or services as those of Plaintiffs, or otherwise continuing any and all such acts of unfair competition as alleged in this action;

B. That Plaintiffs be awarded all damages caused by the acts forming the basis of this action;

C. That Plaintiffs be awarded compensation for corrective advertising for the damage to Plaintiffs' goodwill;

D. That Defendant be required to pay to Plaintiffs the costs of this action and Plaintiffs' reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a);

E. That based on Defendant's willful and deliberate infringement of Plaintiffs' Marks and the other acts of unfair competition and alleged harm, and to deter such conduct in the future, Plaintiffs be awarded punitive damages;

F. That Defendant be required to pay prejudgment interest on all damages and profits awards; and

G. Such other and further relief as this Court deems just and proper.

## JURY TRIAL REQUEST

Plaintiffs request a trial by jury as to all matters so triable.

Respectfully submitted this January 20, 2022.

>*/s/ Ryan T. Santurri*
>Ryan T. Santurri
>Florida Bar No. 015698
>rsanturri@allendyer.com
>Allison R. Imber
>Florida Bar No. 44233
>aimber@allendyer.com
>Melissa Dangond
>Florida Bar No. 1025285
>mdangond@allendyer.com
>Allen, Dyer, Doppelt + Gilchrist, P.A.
>255 South Orange Avenue, Suite 1401
>Post Office Box 3791
>Orlando, Florida 32802-3791
>Telephone:  407-841-2330
>Facsimile:   407-841-2343
>
>***Attorneys for Plaintiffs***